IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVID MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-cv-02797-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BOEING COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on plaintiff David Martin's ("Martin") motion to amend the amended complaint, ECF No. 8, and defendant The Boeing Company's ("Boeing") motion to dismiss for failure to state a claim upon which relief can be granted, ECF No. 7. For the reasons set forth below, the court denies the motion to amend and grants the motion to dismiss.

## I.  BACKGROUND

    This litigation arises out of Martin's employment at, and termination from, Boeing. Martin was enrolled at Trident Technical College's "Ready South Carolina" program until he was offered a position as a Fabricator B with Boeing in the Ladson Interior Responsibility Center. Am. Compl. ¶ 3–5. The Fabricator B job description included "basic organic chemical conversion and paint preparation," but Martin almost exclusively worked in the paint booth at Boeing and his daily routine involved exclusively painting. Id. ¶ 5–6. During the course of his employment at Boeing, Martin alleges that he made several internal complaints about hazardous work conditions in the paint booth, specifically exposure to hazardous materials and the lack of protective gear.

1

Id. ¶¶ 12–13.  However, he did not file a complaint with state or federal Occupational Health and Safety officials.  Id. ¶ 14.  In August 2014, Martin approached his manager, Shannon "Kelly" Corbett, and indicated that he would no longer paint.  Id. ¶ 12.  Martin was then escorted to Human Resources and again indicated that he would not paint, at which point Martin was terminated due to "insubordination."  Id. ¶ 13.

The complaint was initially filed in the Court of Common Pleas for Charleston County, and Boeing removed the complaint to federal court on August 11, 2016.  Martin filed an amended complaint on August 29, 2016 containing four causes of action:  (1) wrongful termination in violation of public policy, (2) defamation, (3) breach of contract and (4) negligent representation.  Id. ¶ 1.

Martin made a motion to amend the amended complaint on September 29, 2016.  ECF No. 8.  Boeing filed a response on October 17, 2016.  ECF No. 11.  Boeing made a motion to dismiss for failure to state a claim on September 12, 2016.  ECF No. 7.  Martin filed a response on September 29, 2016.  ECF No. 9.  The matters have been fully briefed and are now ripe for the court's review.

## II.  STANDARD

### A.    Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) [] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B.    Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. "The court should freely give leave when justice so requires." Id. Applying Rule 15, the United States Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as

3

> the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962). The disposition of a motion to amend is within the sound discretion of the district court. Id.

"[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Foster v. Wintergreen Real Estate, Co., 363 F. App'x 269, 276 (4th Cir. 2010). Mere delay does not constitute sufficient prejudice to warrant a denial of a motion to amend. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).

### III.  DISCUSSION

The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is equivalent to the standard that a court employs in analyzing the futility of an amendment to the pleading. To decide both inquiries, the court examines Martin's well-pleaded allegations to determine whether Martin has stated a plausible claim for relief. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir.1995) (holding that an amendment is futile if the amended claim would fail to survive a motion to dismiss). Therefore, the discussion of the two motions dovetails substantially.

#### A.  Motion to Amend

Martin moves to amend his complaint for a second time. The proposed second amended complaint adds additional facts to "fully illuminat[e]" Martin's claims, and removes the negligent misrepresentation cause of action. ECF No. 8 at 2. Boeing challenges the proposed amendment as futile, arguing that the additional facts Martin

4

adds in his proposed second amended complaint are "immaterial allegations in a futile attempt to support his remaining claims." ECF No. 11 at 5.  Boeing does not challenge Martin's decision to drop the negligent misrepresentation claim from the amended complaint, so the court analyzes the alleged futility of Martin's remaining causes of action against Boeing—wrongful discharge in violation of public policy, breach of contract, and defamation.  Because Martin's proposed claims for wrongful termination in violation of public policy, defamation, and breach of contract are futile, the court denies Martin's motion to amend.

A futile amendment is one that fails to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  For leave to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).  In evaluating the plausibility of a claim, the court construes all facts and reasonable inferences in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.1997).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 555).  However, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980) (citation omitted).

1.      **Wrongful Termination in Violation of Public Policy**

In his proposed amended complaint, Martin adds language that he did not file any external complaints with state or federal occupational health and safety organizations ("OSHA") because "[h]e reasonably believed that his termination would be overturned because he had not been insubordinate and he had made valid complaints regarding the safety of himself and others in the facility." ECF No. 8, Ex. 1 at ¶ 14. Boeing argues that Martin does not have a cause of action for wrongful discharge in violation of public policy because he had an existing statutory remedy for wrongful termination. ECF No. 11 at 8.

South Carolina recognizes a narrow public policy exception to the employment at-will doctrine. See Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985). An action for wrongful discharge in violation of public policy can only be maintained when the employer requires the employee to violate a criminal law as a condition of maintaining employment, or if the act of terminating the employee is itself a violation of a criminal law. See Culler v. Blue Ridge Elec. Coop., Inc., 422 S.E.2d 91, 92–93 (S.C. 1992). In Culler, the South Carolina Supreme Court stated that the public policy exception is not necessarily limited to situations involving violations of a criminal statute, but rather applies to any "violation of a clear mandate of public policy." Id. at 92. Courts have often declined to extend the public policy exception beyond the bounds of Ludwick and Culler. See, e.g., Epps v. Clarendon Cty., S.E.2d 386, 387 (S.C. 1991) (declining to extend the exception "where . . . the employee has an existing remedy for a discharge which allegedly violates rights other than the right to employment itself").

Boeing argues that Martin had an existing statutory remedy through federal and state OSHA departments, and that this existing remedy obviates his opportunity for redress through the public policy exception. ECF No. 11 at 8. South Carolina courts have refused to extend the public policy exceptions to situations where the employee has an existing statutory remedy. See Barron v. Labor Finders of S.C., 713 S.E.2d 634, 637 (S.C. 2011) ("The public policy exception does not . . . extend to situations where the employee has an existing statutory remedy for wrongful termination."); see also Stiles v. American Gen'l Life Ins. Co., 516 S.E.2d 449 (S.C. 1999) (holding that a wrongful termination claim should not overlap with statutory or contractual rights but "provide[s] a remedy for a clear violation of public policy where no other reasonable means of redress exists"); Dockins v. Ingles Markets, Inc., 413 S.E.2d 18 (S.C. 1992) (holding that wrongful termination claim is unavailable where the employee has a state or federal statutory remedy).

Here, Martin alleges that he did not seek the available statutory remedy through state or federal OSHA departments because he "reasonably believed that his termination would be overturned." ECF No. 11 at 8. However, the fact remains that Martin had an existing federal statutory remedy for wrongful termination through the federal OSHA statute, which outlines a procedure for obtaining relief for wrongful discharge or discrimination against any employee. 29 U.S.C.A. § 660(c). Martin also had an existing state statutory remedy under S.C. Code Ann. § 41-15-520, which allows an employee alleging discharge or discrimination in violation of South Carolina's occupational health and safety statute to file a complaint with the Department of Labor. S.C. Code Ann. § 41-15-520. The court follows Barron and its progeny to find that Martin's proposed

second amended complaint is futile as to the wrongful discharge claim because he had existing statutory remedies for his occupational safety and retaliation claims under the federal OSHA statute, the OSHA regulation 29 U.S.C.A. § 660(c), and S.C. Code Ann. § 41-15-520.

To the extent that Martin asserts that he was discharged because he reported concerns with the "unsafe and onerous conditions" in the paint booth, ECF No. 8, Ex. 1 ¶¶ 13, 19, the court finds that this claim is also futile.  Even where there is a good faith belief that an employer required the employee to violate the law, South Carolina courts have refused to extend the public policy exception.  Antley v. Shepherd, 532 S.E.2d 294, 298 (S.C. Ct. App. 2000), aff'd as modified, 564 S.E.2d 116 (S.C. 2002) ("We decline to extend the public policy exception to situations where an employee is terminated for refusing to comply with a directive which she simply believes would require her to violate the law.") (emphasis in original).  Martin alleges that his discharge was in violation of public policy because he made internal complaints regarding the alleged violation of Federal Aviation Agency ("FAA") regulations.  ECF No. 8, Ex. 1 at ¶ 14.  However, this court has held that there is no "clear mandate of public policy supporting the rights of employees to internally complain about alleged violations of FAA regulations."  Desmarais v. Sci. Research Corp., 145 F. Supp. 3d 595, 599 (D.S.C. 2015).  In Desmarais, this court dismissed a plaintiff's complaint that he was wrongfully discharged for complaining that the presence of weather observers in the air traffic control tower violated a FAA Regulation.  Id. at 599.  The court follows its reasoning in Desmarais to find that Martin's proposed second amended complaint is also futile as to the wrongful discharge claim because Martin has failed to point to any source that states

8

the rights of employees to internally complain about alleged violations of FAA regulations constitutes a clear mandate of public policy.

### 2.     Breach of Contract

Martin's breach of contract claim alleges that Boeing "made promises . . . that he would be employed as a Fabricator B" and that Boeing "breached this contract by forcing Plaintiff to perform tasks incompatible with his job description" because "[t]he job description does not express any requirement that Fabricator B paint when performing the . . . functions of his job" and so the job description was "patently false." ECF No. 8, Ex. 1 ¶¶ 1, 4, 5, 6, 26. Boeing argues that this claim fails as a matter of law because even with his proposed amendment, Martin has not pled sufficient factual allegations to establish an employment contract with Boeing. ECF No. 11 at 9. The court agrees.

In South Carolina, the presumption is that employees are at-will, and a plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship to survive a Rule 12(b)(6) motion to dismiss a claim for breach of contract of employment. Amason v. P.K. Management, LLC, 2011 WL 1100169, at *6 (D.S.C. Mar.23, 2011); see Prescott v. Farmer's Tel. Co–Op., Inc. 516 S.E.2d 923, 927, n.8 (S.C. 1999) (holding that in South Carolina, "there is a presumption of at-will employment"). While it does not appear that South Carolina courts have directly contemplated whether a job description creates an employment contract, in Peralta v. Cendant Corp., 123 F. Supp. 2d 65 (D. Conn. 2000), the court found that under Connecticut law the job description for an art director position did not create contractual obligations on the part of the employer. The court finds this guidance

9

persuasive in finding that the Boeing's Fabricator B job description did not create a contractual obligation on the part of Boeing.

In Perrine v. G4S Secure Sols. (USA), Inc., 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011), the court dismissed a plaintiff's breach of contract claim where the plaintiff had alleged in very general and conclusory terms that he had entered into an employment contract that defendant breached.  Perrine, 2011 WL 3563110, at *1. Similarly, here Martin alleges that Boeing breached "this contract," apparently referring to the job description of the Fabricator B position, by forcing him to perform tasks incompatible with his job description.  ECF No. 8, Ex. 1 ¶ 26.  Such a general and conclusory statement cannot withstand a 12(b)(6) motion because it does not raise a right to relief above the "speculative level."  See Twombly, 550 U.S. at 555.  South Carolina recognizes an "employee handbook" exception to the employment at will doctrine.  See Conner v. City of Forest Acres, 560 S.E.2d 606, 610 (S.C. 2002) ("[W]here the at-will status of the employee is altered by the terms of an employee handbook, an employer's discharge of an employee may give rise to a cause of action for wrongful discharge.").  However, Martin has pled no facts suggesting that such a scenario was present at Boeing.

Therefore, the court finds that Martin's second proposed amended complaint is futile as to the breach of contract claim due to Martin's failure to plead sufficient factual allegations that establish the existence of an employment contract beyond the at-will relationship.

      3.     **Defamation**

In his proposed second amended complaint, Martin adds that Boeing "published the termination internally to non-management employees of Boeing who had no need or

right to know of the purported reason for [his] termination." ECF No. 8, Ex. 2 at 11. Boeing argues that this does not state a legally sufficient cause of action for defamation, and that even if Martin had sufficiently pleaded defamation he has not sufficiently pleaded that the alleged internal communication was not qualifiedly privileged under South Carolina's intra-corporate privilege. ECF No. 11 at 6.

Boeing argues that Martin's proposed second amended complaint does not state a legally sufficient cause of action for defamation because Martin has not sufficiently articulated the content of the alleged statement regarding his termination or stated specifically to whom the alleged statement was published. Id. at 6. To prove a claim for defamation, a plaintiff must establish by a preponderance of the evidence "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Fountain v. First Reliance Bank, 730 S.E.2d 305, 309 (S.C. 2012). The plaintiff has the burden of alleging facts sufficient to satisfy all the elements of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002). Where the claims in a complaint are "insufficiently supported" by factual allegations, those claims may be properly dismissed. Harper v. United States, 423 F. Supp. 192, 196 (D.S.C. 1976).

In McNeil v. South Carolina Dep't of Corrections, 743 S.E.2d 843 (S.C. Ct. App. 2013), the South Carolina Court of Appeals held that a former corrections facility employee's complaint was insufficient to state a claim for defamation because she did not set forth with any specificity what the alleged false statements were, whether any of the statements were published to a third party or to whom the alleged statements were made,

and whether the Department of Corrections made the alleged statements. Similarly, in Odom v. CVS Caremark Corp., 2014 WL 7733823, at *4 (D.S.C. Dec. 12, 2014), report and recommendation adopted as modified, 2015 WL 412833 (D.S.C. Jan. 30, 2015), the court dismissed a former CVS employee's defamation claim where the complaint alleged that "CVS" falsely accused plaintiff of falsifying documents, terminated him for these false accusations, and published the false grounds to Plaintiff's coworkers, the South Carolina Department of Health and Environmental Control, and the public at large. Similar to the plaintiffs in McNeil and Odom, Martin has not specifically identified the statement allegedly published, the person who made the statement, or the person to whom the statement was made. The court finds that this is insufficient to state a claim for defamation under South Carolina law.

Boeing further argues that even if Martin had sufficiently pleaded the elements required for a defamation action, he has not sufficiently pleaded that the alleged internal communication was not qualifiedly privileged and not in the normal course of business. ECF No. 11 at 7. Since the court finds that Martin has not fulfilled the required elements for a defamation claim, it does not need to make a finding on the intracorporate privilege issue. Martin's Motion to Amend is denied as to the defamation claim.

      **B.    Motion to Dismiss**

Boeing filed a motion to dismiss Martin's amended complaint before Martin filed the motion to amend. In its 12(b)(6) motion, Boeing argues that Martin's amended complaint has failed to allege facts sufficient to establish the elements of any of his claims for wrongful termination in violation of public policy, defamation, breach of contract, and negligent misrepresentation. ECF No. 7, Ex. 1 at 1. Boeing makes

identical arguments and cites the same cases in this motion as it did in its response to Martin's motion to amend as it relates to the defamation, breach of contract, and wrongful discharge in violation of public policy claims. As explained above, Martin has not alleged sufficient facts to establish his defamation, breach of contract, and wrongful discharge in violation of public policy claims under the Iqbal and Twombly pleading standard. The court grants Boeing's 12(b)(6) motion.[1]

---

[1] In the motion to amend, Martin drops the negligent misrepresentation claim. While the court does not grant Martin's motion to amend, it assumes that Martin dropped the negligent misrepresentation claim from the motion acknowledging that it was meritless. Therefore, the court does not analyze the claim further.

## IV. CONCLUSION

For the foregoing reasons, the court denies Martin's motion to amend and grants Boeing's 12(b)(6) motion.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**December 15, 2016
Charleston, South Carolina**